PER CURIAM.
The appellant, Edward Arnold, was arrested and charged by indictment with first degree murder. Prior to trial, the appellant filed a motion to suppress his transcribed confession on grounds that pri- or to giving the confession before a stenographer, he had “requested” an attorney which was not provided to him and thus the confession was not voluntary.[1] The trial court denied the motion to suppress finding that appellant’s request for an attorney was equivocal.
Appellant’s trial commenced on April 20, 1999. Though the state had waived seeking the death penalty, appellant exercised his right to be tried by a twelve-person jury. Only four African-Americans appeared on the venire panel, one of whom was excused for cause, and the remaining three (Davis, Chambers, and Cunningham), were excused by peremptory challenges exercised by the State. Prior to the completion of the panel selection, but not contemporaneously with the state’s challenges, the defense claimed that 50 percent of the state’s peremptory strikes were used to remove all African-Americans from the jury, and therefore he objected to the peremptory strikes pursuant to State v. Neil, 457 So.2d 481, 486 (Fla.1984). Accordingly, the trial court ordered the state to disclose the reasons for the exercise of each of the peremptory strikes.
The state set forth that venire person Davis was excused because she claimed that at times, the police do not utilize good interrogation techniques and therefore receive coerced confessions. Because this case was premised on appellant’s confession, the state exercised a peremptory challenge and excused Davis.
With respect to venire person Chambers, the state noted that Mr. Chambers had a nephew who had been killed in a case where the defendant claimed self-defense, and that Chambers was a teacher who dealt with juvenile defendants at the Bay Point School. The state expressed fear that Chambers might have sympathy for a young man, such as appellant, because of his line of work in dealing with juveniles.
Finally, with respect to venire person Cunningham, the state noted that this person also indicated that confessions could be coerced. No other matters were raised by the defense with respect to these challenges. Thereafter, the trial court determined that the state’s reasoning for these peremptory strikes was race neutral and the challenges were upheld. The defense renewed its objection to the state’s peremptory strikes prior to the panel being accepted.
At the close of trial, the jury convicted appellant of the lesser included offense of second degree murder. Appellant was adjudicated guilty by the trial court and sentenced to 34.58 years in state prison, pursuant to the 1995 sentencing guidelines, with a three-year minimum mandatory prison term.[2] This appeal followed.[3]
In his first argument, appellant claims that the trial court erred in denying *1017 his Neil objections to the state’s peremptory challenges of the African-Americans on the venire, claiming that the “race neutral” reasons expounded by the state were equally applicable to other non African-American venire persons who were not stricken. Our review of the record shows that although appellant’s argument in this regard has merit, this argument was never specifically presented to the trial court and therefore not preserved for our appellate review. See Floyd v. State, 569 So.2d 1225, 1229-30 (Fla.1990)(stating that: “a defendant must place the [trial] court on notice that he or she contests the factual existence of the [racially neutral] reason.”). See also Carter v. State, 762 So.2d 1024, 1026 (Fla. 3d DCA2000).
Appellant also contends that the trial court erred in denying the motion to suppress his confession by arguing that he invoked his right to counsel prior to being questioned by the detective in the presence of the stenographer. We find appellant’s statement that he “should have an attorney present” to be clearly equivocal. Therefore, the trial court’s denial of appellant’s motion was proper. State v. Owen, 696 So.2d 715, 717-18 (Fla.1997). Accordingly, we affirm appellant’s conviction.
Finally, appellant challenges his sentence on grounds that the 1995 sentencing guidelines were unconstitutional. In Heggs v. State, 759 So.2d 620 (Fla.2000), the Supreme Court of Florida held that the 1995 guidelines were unconstitutional as violative of the single subject rule. The state concedes that the appellant’s offense, which occurred on January 25, 1997, falls within the Heggs guidelines window period, and that this issue was properly preserved for our review. As such, the sentence here must be vacated and this case remanded for re-sentencing.

.Following the appellant’s oral confession to a detective, the detective called for a stenographer. Prior to eliciting the confession before the stenographer the following exchange took place:
Detective It also states, 'This statement is signed of my own free will, without any threats or promises having been made to me.' Is that your signature?
Appellant Yes, even though I should have had a lawyer present.

. The 1995 guidelines doubled the number of victim injury points for second-degree murder from 120 to 240 points. If appellant had been sentenced without reference to the 1995 guidelines, his score sheet would reflect a range of 13.25 to 22.08 years.

. Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), appellant's counsel moved for a temporary remand of this cause so that the trial court could consider a motion to correct the sentence on grounds that the 1995 *1017 sentencing guidelines were unconstitutional as a violation of the single-subject require- . ment. We granted remand, but the trial court denied the motion.